UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>               Plaintiff,<br><br>    v.<br><br>VERONICA HENDERSON,<br><br>               Defendant. | Case No. 11-cr-00605-SBA-1   (KAW)<br><br>ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING |

## I. BACKGROUND

On March 14, 2005, Defendant Veronica Henderson was sentenced to 46 months in custody and 5 years of supervised release for committing Bank Fraud in violation of 18 U.S.C. Section 1344. On July 20, 2015, Defendant's probation officer filed a petition alleging that Defendant violated four conditions of her supervised release. The alleged violations were the commission of another federal, state or local crime, failure to make restitution payments, failure to notify her probation officer within 72 hours of being arrested, and failure to submit monthly supervision reports since March 2014 to the present. The District Judge found probable cause and issued a no bail warrant for Defendant's arrest on July 20, 2015.

Defendant was arrested on July 22, 2015. On September 9, 2015, a hearing was held on the Government's motion to detain Defendant pending her supervised release violation hearing. Defendant was present, in custody, and represented by Joyce Leavitt. Assistant United States Attorney Maureen Bassette appeared on behalf of the Government. Probation Officer Shaheen Shan was also present. For the reasons stated below, the court orders that Defendant be detained.

## II.   LEGAL ANALYSIS

On or about July 15, 2015, Defendant was arrested for violating Penal Code Sections 459 (burglary), 664/487 (attempted grand theft – a felony), 148.10 (obstructing, resisting police resulting in great bodily injury – a felony), 69 (deter peace officer from performing duties), 242 (battery), 470(b) (forgery), 530.5(a) (using personal identifying information for fraud), and 14610(a) (possession of fraudulent identification). Since Defendant is charged with a supervised release violation, the burden of establishing by clear and convincing evidence that he is not a flight risk or a danger to the community rests with the defendant. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. 3143.  If there is probable cause to believe that while on release, the defendant committed a federal, state or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of any other person or the community. 18 U.S.C. §3148.

The Form 12 alleges that Defendant committed at least two state crimes while on release. Specifically, San Francisco Police Department officers responded to the Best Buy store located at 1717 Harrison Street, in San Francisco, CA, regarding a female subject, later identified as Veronica Henderson, attempting to purchase items by fraudulent means. While officers were en route, SFPD dispatch alerted the officers that Defendant was fighting with the store security. When the officers arrived on the scene, a struggle with the Defendant ensued. During the struggle with Defendant, an officer's finger was broken.

The Best Buy employer recognized Defendant from a photograph he received via work email minutes earlier from a Best Buy store located in Pleasant Hill. The email contained the photograph of Defendant, her description, and a brief summary of how she fraudulently obtained two MacBook Pros using the same modus operandi. It was later determined that Defendant had entered the San Francisco Best Buy and attempted to purchase two MacBook Pros and a Samsung Virtual Reality headset with a fraudulent identification and credit card, bearing the name Bella Buster. The card was declined and Defendant attempted to leave the store to retrieve another card when she was contacted by store security, and the physical confrontation ensued. She was placed under citizen's arrest by a security guard for Battery.

United States District Court
Northern District of California

A search of Defendant's personal belongings revealed four additional credit cards believed to be forgeries. Two of the credit cards were in the name of Mary Lemon. Multiple receipts from luxury stores located in San Francisco were found in Defendant's purse, including receipts from Louis Vuitton, Chanel, and Cartier Jewelry displaying purchase amounts totaling approximately $60,000. The receipts were dated 7/16/15 under the name "Jennifer Ruan" using an American Express credit card. Approximately $2,900 in US currency was found in Defendant's purse along with a payment receipt for a storage unit located in San Leandro under the name of "Vanessa Henderson."

Defendant is also charged with failing to make payments towards the $328,850.47 in restitution she was required to pay since her supervision commenced on January 24, 2011. She also failed to notify her probation officer of her law enforcement contact and failed to submit monthly supervision reports since March 2014.

In light of the above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the Court finds that Defendant has not established by clear and convincing evidence that he is not a risk of flight or a danger to the community. Further, given that there is probable cause to believe that Defendant committed at least one felony while on supervised release, she cannot rebut the presumption that there are no conditions or combination of conditions that the court can impose to mitigate the risk of non-appearance or danger to the community.

//
//
//
//
//
//
//
//
//

1  Therefore, Defendant shall remain committed to the custody of the Attorney General for
2  confinement in a corrections facility separate, to the extent practicable, from persons awaiting or
3  serving sentences or being held in custody pending appeal.  Defendant shall be afforded
4  reasonable opportunity for private consultation with counsel.  On order of a court of the United
5  States or on request of an attorney for the Government, the person in charge of the corrections
6  facility in which Defendant is confined shall deliver Defendant to a United States marshal for the
7  purpose of an appearance in connection with a court proceeding.

8  IT IS SO ORDERED.

9  Dated: October 13, 2015

*Kandis Westmore*
_____
KANDIS A. WESTMORE
United States Magistrate Judge